**Shirley JACKSON, Plaintiff–Appellant,**

v.

**EJB FACILITIES SERVICES, INC.; Johnson Controls/IAP, Defendants–Appellees.**

No. 08–35896.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2009.*

Filed Oct. 9, 2009.

Clayton Ernest Longacre, Esquire, Longacre and Adams, Port Orchard, WA, for Plaintiff–Appellant.

Daniel P. Mallove, Esquire, Seattle, WA, Cheryl A. Sabnis, Heather M. Sager, Esquire, S. Fey Epling, Esquire, Drinker Biddle & Reath, San Francisco, CA, for Defendants–Appellees.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

MEMORANDUM **

Plaintiff Shirley Jackson appeals the district court's grant of summary judgment in favor of Defendants EJB Facilities Services, Inc. ("EJB"), and Johnson Controls/IAP ("IAP"). We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgement by the dis-

trict court de novo, *Moran v. State of Wash.*, 147 F.3d 839, 844 (9th Cir.1998), and we affirm.

The district court properly granted summary judgment as to Ms. Jackson's claims under Title VII. Ms. Jackson has not raised a genuine issue of material fact suggesting that her work experiences meet the standard for a hostile work environment set forth in *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.1995). There is no causal link between Ms. Jackson's protected conduct and IAP's and EJB's allegedly retaliatory employment actions. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir.2003). Nor does the record raise a genuine issue of material fact suggesting that Ms. Jackson was qualified for the position she sought, or that she was subject to adverse employment action, as is required to make out a prima facie disparate treatment claim. *See Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir.2000).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.